**Teitelbaum Law Group, LLC**
*Attorneys for Emigrant Funding Corporation*
1 Barker Avenue, Third Floor
White Plains, New York 10601
Tel: (914) 437 -7670
Email: jteitelbaum@tblawllp.com
Jay Teitelbaum, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
                                                        :
In re                                                   :          Chapter 11
                                                        :
        GLORIA M. MORONTA              :          Case No. 19-23900 (RDD)
                                                        :
                            Debtor.                 :
----------------------------------------------------------------X

<u>**RESPONSE OF EMIGRANT FUNDING COMPANY TO DEBTORS' MOTION TO
EXTEND THE AUTOMATIC STAY**</u>

Emigrant Funding Company ("**<u>Emigrant</u>**"), by its undersigned counsel respectfully submits the following response to the Debtor's motion (ECF Docket No. 8) (the "**<u>Motion</u>**") to extend the automatic stay to the instant Chapter 11 case:

1.      The Debtor bears the burden of proof that this second Chapter 11 case filed approximately 3 months following the dismissal of the Debtor's first Chapter 11 case (the "**<u>First Chapter 11 Case</u>**") is in good faith as to all creditors, including Emigrant.

2.      It is submitted that the filing of the instant case is presumptively in bad faith as to all creditors pursuant to Bankruptcy Code §363(c)(3)(C)(i)(II)(aa), and as to Emigrant pursuant to Bankruptcy Code §363(c)(3)(C)(ii).

3.      In the Motion at para 11 the Debtor admit that the dismissal of the First Chapter 11 Case was the result of the Debtor failing file documents required of a Chapter 11 Debtor, but fails to disclose the actual facts of the dismissal.

4.     As set forth in Emigrant's Motion for Relief filed on June 22, 2018 in the First Chapter 11 Case as ECF No. 21 (the "**Emigrant MFR**"), Emigrant's loan secured by the premises identified as 176 South Lexington Ave., White Plains N.Y. (the "**Premises**") went into default in February 2012 and Emigrant commenced a foreclosure action September 2012. The Judgment of Foreclosure and Sale was entered in favor of Emigrant in January 2018.

5.     The First Chapter 11 Case was filed February 1, 2018 as Case no. 18-22173 to stop the foreclosure of the Premises.

6.     In the Emigrant MFR, Emigrant provided proof of, among other things, the Debtor's lack of equity in the Premises and its rights as a secured creditor pursuant to the Judgment of Foreclosure and Sale.

7.     Emigrant's MFR was resolved by a consent order pursuant to which the motion was denied without prejudice and the Debtor was required to provide adequate protection to Emigrant. (Case No. 18-22173 ECF Docket No. 41).

8.     On March 15, 2019, this Court "So Ordered" a stipulation between the Debtor and the Office of the United States Trustee pursuant to which the failure of the Debtor to file an application to retain an accountant on or before April 1, 2019 or the failure to file a plan on or before June 15, 2019 would result in the dismissal of the First Chapter 11 Case. (Case No. 18-22173 ECF Docket No. 57) (the "**UST Stipulation**").

9.     The Debtor failed to comply with the terms of the UST Stipulation. As a result, on July 22, 2019, the Office of the United States Trustee filed a certificate of default certifying that the Debtor had neither filed an application to retain an accountant nor filed a chapter 11 plan. (Case No. 18-22173 ECF Docket No. 58).  The First Chapter 11 case was thereafter dismissed by order entered on July 25, 2019. (Case No. 18-22173 ECF Docket No. 59).

10.     During the First Chapter 11 Caser, the Debtor had more than 15 months of protection under Chapter 11, during which time the Debtor failed to complete the most basic filings and failed to pay taxes or maintain insurance on the Premises. Indeed, during this time, Emigrant paid $44,327.45 for property taxes, water and sewer charges and hazard insurance.

11.     During the First Chapter 11 Case, Emigrant filed a proof of claim which reflected a balance due as of August 2018 in the amount of approximately $1.5 million.

12.     Upon information and belief the amount now due to Emigrant is $1,711,409.87. Emigrant will be filing a proof of claim in at least such amount in this case.

13.     The Debtor's Chapter 11 Petition in this case asserts that the value of the Premises is $440,000. While Emigrant believes that the value is in excess of $440,000, there is no dispute that it is significantly less than $1.7 Million and that the Debtor has no equity in the Premises.

14.     Following the dismissal of the Debtor's prior Chapter 11 case, Emigrant proceeded to enforce its rights under the Foreclosure Judgment to sell the Premises at a judicial foreclosure sale and continued to pay taxes and insurance for the protection of the Premises.

15.     The Debtor has no defense to the Foreclosure Judgment or the sale of the Premises.

16.     The Debtor has no defense to a motion for relief from the automatic stay should one be filed by Emigrant.

17.     It is admitted at ¶10 of the Motion that the reason for the instant filing was to stop Emigrant's enforcement of its rights under the Foreclosure Judgment.

18.     The Debtor has had the benefit of owning the Premises while not paying the mortgage, insurance or taxes for the better part of 8 years.

19.     The Debtor has the burden of proving that this filing is not in bad faith - -meaning it is not an exercise in futility to further delay Emigrant. As the court held in *In re Bronson,* 2017 Bankr. Lexis 1974 at**3-4

> The factor relevant to this case is whether there has been a substantial change in the financial or personal affairs of the debtor since dismissal of his last bankruptcy case, or any other reason why the instant case would not conclude with a confirmed and fully performed plan. See 11 U.S.C. § 362(c)(3)(C)(i)(III). If a substantial change in circumstance is not present or if the debtor is unlikely to confirm and complete a plan, the latest bankruptcy filing is presumably filed in bad faith as to all creditors.

20.     The factors or indicia of good faith often examined include

> (i) whether the Debtor's present case has a reasonable probability of success;
>
> (ii) why the Debtor's prior case was dismissed;
>
> (iii) what motivated the Debtor to file the instant case;
>
> (iv) how the Debtor's current filing affected creditors, and the nature and extent of prejudice to any creditor(s) the Debtor seeks to stay;
>
> (v) whether the trustee or any creditor has objected to continuation of the stay; and
>
> (vi) whether the Debtor has failed to comply with the obligations imposed by the Bankruptcy Code or is attempting to manipulate the bankruptcy system.

*In re Goodrich*, 591 B.R. 538, 547-550 (Bankr. D. Vt. 2018).

21.     The burden of proof upon the Debtor is either evidence by "clear and convincing" evidence if the presumption of bad faith exists, or by a preponderance of evidence if the presumption has not been triggered. *Id at* 547.

22.     Clear and convincing evidence falls somewhere below beyond reasonable doubt and above a preponderance. *Id.* at 549-550. ("The Supreme Court has defined 'clear and convincing' evidence as that which gives the finder of fact 'an abiding conviction that the truth of [the

proponent's] factual contentions [is] highly probable.'" *Astra Aktiebolag v. Andrx Pharms*., 222 F. Supp. 2d 423, 562 (S.D.N.Y. 2002) (citing *Colorado v. New Mexico*, 467 U.S. 310, 316, 104 S. Ct. 2433, 81 L. Ed. 2d 247 (1983)).

*Id.*

23. Emigrant submits that there facts of this case give rise to a presumption of bad faith as to all creditors and Emigrant and that such presumption has not been rebutted.

24. The only support for the Motion is an attorney affirmation which states that the "Debtor plans to operate the Deli and pay her debts". Motion at ¶9. The undersigned has great respect for Debtor's counsel, but such a statement is evidence of nothing.

25. In the Motion it is admitted that the sole purpose of the second Chapter 11 filing was to delay Emigrant's enforcement of it is Foreclosure Judgment. The Motion does not include a scintilla of evidence, admissible or otherwise, that the Debtor has the ability to pay adequate protection, service the debt owed to Emigrant, pay taxes and insurance on the Premises, confirm a plan and obtain a discharge.

26. The record establishes that Emigrant's rights as a secured creditor have already been delayed by the Debtor for nearly 8 years.

27. Thus, whether the Debtor's burden is clear and convincing evidence or a preponderance, the Debtor has failed to meet its burden and the Motion should be denied.

28. Emigrant understands that the Premises is the Debtor's source of revenue and is willing to spend a limited amount of time exploring with the Debtor whether there is an actual business plan for the Debtor to operate the business and satisfy the obligations to Emigrant through a confirmed Chapter 11 Plan or otherwise.

29.     Emigrant submits that it would be grossly unfair for Emigrant to be further delayed in a fruitless Chapter 11 and to incur the additional cost of seeking relief from the automatic stay which will undoubtedly be granted.

30.     The Motion should be denied at least as to Emigrant.

31.     Emigrant represents that denial of the Motion would not bring an immediate end to this case and the Debtor's attempt to reorganize. Emigrant would not immediately proceed to foreclose upon the Premises; but will give the Debtor a reasonable opportunity (30-45 days) to propose a consensual resolution of Emigrant's claim. In the event that Emigrant and the Debtor reach agreement, the parties will submit a joint status letter to the Court reflecting the agreement. In the event that Emigrant determines that the parties cannot reach an agreement, Emigrant will provide a status letter to the Court informing the Court that no agreement has been reached and that Emigrant is proceeding with the foreclosure sale.

32.     Emigrant submits that denying the Motion and permitting the parties to proceed as outlined above will expedite the Chapter 11 case by requiring the Debtor to promptly address Emigrant's claim and the viability of this Case.

33.     On November 14, 2019, the undersigned advised counsel for the Debtor that I will be out of the office starting November 19 through December 2. I will be on the West Coast on November 27, 2019 and unable to attend the hearing on this matter. The undersigned respectfully requests that the Motion be denied on the papers, but if an evidentiary hearing is to be scheduled, that the parties be given an opportunity to meet and confer as to a schedule for discovery and a hearing date.

WHEREFORE, Emigrant respectfully requests that the Motion be denied on the conditions set forth herein.

Dated: November 18, 2019

**TEITELBAUM LAW GROUP, LLC**
*Attorneys for Emigrant Funding Corporation*

By: _____/s/ Jay Teitelbaum___
      Jay Teitelbaum, Esq.
      1 Barker Avenue, Third Floor
      White Plains, New York 10601
      Tel: (914) 437-7670
      Email: jteitelbaum@tblawllp.com